Filed 12/29/23  P. v. Young CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081137 |
| v. | (Super.Ct.No. FVA019124) |
| RICHARD COMPTON YOUNG, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael R. Libutti, Judge.  Affirmed.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Richard Compton Young appeals the San Bernardino County Superior Court's denial of his Penal Code[1] section 1172.6[2] petition for resentencing. We will affirm.

## BACKGROUND

In 2003, a jury convicted defendant of first degree murder and found true three personal use firearm enhancements, including that defendant personally discharged a firearm causing death to the victim (§ 12022.53, subd. (d)). The court sentenced defendant to a total term of 100 years to life. We affirmed the judgment on appeal in a nonpublished opinion, *People v. Young* (Jan. 23, 2007, E039122).

In August 2022, defendant filed a petition for resentencing pursuant to section 1172.6. The People filed an opposition, stating the court had already denied two 1172.6 petitions filed by defendant, and that the record of his conviction establishes his ineligibility for relief because he was the actual killer of the victim. The court appointed counsel and set an eligibility hearing. Defendant's counsel did not file a response to the People's opposition. Defendant was not present at the hearing but was represented by counsel, who submitted the matter. The court found defendant had failed to establish a prima facie case for entitlement for relief and denied the petition. Defendant timely noticed this appeal from the denial.

---

[1] All further statutory references are to the Penal Code.

[2] Section 1170.95 was renumbered as section 1172.6 without substantive change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10). For the sake of simplicity, we refer to the provision by its new numbering.

**DISCUSSION**

On appeal, defendant's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. Counsel requests we exercise our discretion under *People v. Delgadillo* (2022) 14 Cal.5th 216 to conduct an independent review of the record in appeals from denials of section 1172.6 petitions. Counsel considered the following issues: (i) whether the trial court improperly made findings of disputed facts in reliance on this court's opinion on direct appeal; (ii) whether further proceedings are required because the trial court failed to specify what parts of the record it relied upon in denying the petition; (iii) whether the failure of defendant's counsel to file a brief violated defendant's statutory right to counsel; and, (iv) whether true findings on personal use/discharge of a firearm as set forth in subdivisions (b), (c), and (d) of section 12022.53 conclusively negate allegations of a petition.

We granted counsel's request to augment the record to include excerpts from the clerk's and reporter's transcripts filed in defendant's appeal from the judgment that set forth the instructions given to the jury.

Upon receipt of the opening brief, we notified defendant that his counsel had filed a brief stating counsel had not found an arguable issue and that this court is not required to conduct an independent review of the record but may exercise its discretion to do so. We also invited defendant to file any arguments he deemed necessary.

3

In response to our invitation, defendant filed a Judicial Council form intended for a writ of habeas corpus but used the case number assigned to this appeal and included the title, "Supplemental Brief." In that document, he argued that his "Actual Factual Innocence" and his trial counsel's submission of false evidence qualify him for section 1172.6 resentencing relief. We are not persuaded.

Section 1172.6 makes clear that resentencing pursuant to that provision is available to defendant if, and only if, three requirements are met:

(1) A complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice was imputed to him based solely on his participation in a crime;

(2) He was convicted of murder following a trial; and,

(3) He could not presently be convicted of murder because of changes to sections 188 or 189 made effective January 1, 2019.

The record establishes that the only requirement defendant met is that he was convicted of murder following a trial. Accordingly, he is not eligible for resentencing relief under section 1172.6 notwithstanding his claims of factual innocence and improper admission of evidence by his trial counsel.

4

**DISPOSITION**

The order denying defendant's petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

CODRINGTON
J.

5